Elizabeth S. Langford (#013293)
Law Offices of Elizabeth S. Langford, P.C.
18185 North 83rd Avenue, Suite 209
Glendale, AZ 85308
(602) 938-4500
(623) 825-7116 – facsimile
office@langfordlawaz.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>Shannon Seidel,<br><br>          Debtor(s).<br>SSN xxx-xx- 2262<br>8522 West Audrey Lane<br>Peoria, AZ 85382 | Case No. 2:12-bk-5067-CGC<br><br>**CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES**<br><br>**X** Original<br><br>☐ Amended<br><br>☐ Modified<br><br>☐ Plan payments include post-petition mortgage payments |

  This Plan may affect creditor rights. **If you object to the treatment of your claim as proposed in this Plan, you must file a written objection by the deadline set forth in a Notice of Date to File Objections to Plan served on parties in interest.** If this is a joint case, then "Debtor" means both Debtors. This plan does not allow claims or affect the timeliness of any claim. To receive payment on your claim, you must file a proof of claim with the Bankruptcy Court, even if this Plan provides for your debt. The applicable deadlines to file a proof of claim were specified in the Notice of Commencement of Case. Except as provided in § 1323(c), a creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan.

  If this is an Amended or Modified Plan, the reasons for filing this Amended or Modified Plan are: Not Applicable

(A) **Plan Payments and Property to be Submitted to the Plan.**

  (1) Plan payments start on __April 14,__ 2012. The Debtor shall pay the Trustee as follows:

    $ 620.00 each month for month __1__ through month __60__.

  The proposed plan duration is __60__ months. The applicable commitment period is __60__ months. Section 1325(b)(4).

  (2) In addition to the plan payments, Debtor will submit the following property to the Trustee: None.

(B) **Trustee's Percentage Fee.** Pursuant to 28 U.S.C. § 586(e), the Trustee may collect the percentage fee from all payments and property received, not to exceed 10%.

(C) **Treatment of Administrative Expenses, Post-Petition Mortgage Payments and Claims.** Except adequate protection payments under (C)(1), post-petition mortgage payments under (C)(4), or as otherwise ordered by the Court, the Trustee will make disbursements to creditors after the Court confirms this Plan. Unless otherwise provided in Section (J), disbursements by the Trustee shall be pro rata by class (except adequate protection payments) and made in the following order:

(1) *Adequate protection payments.* Section 1326(a)(1)(C) requires adequate protection payments to be made to creditors secured by personal property. Pursuant to Local Bankruptcy Rule 2084-6, the Trustee is authorized to make pre-confirmation adequate protection payments to the certain secured creditors without a Court order, provided the claim is properly listed on Schedule D, the creditor files a secured proof of claim that includes documentation evidencing a perfected security agreement, and the debtor or creditor sends a letter to the Trustee requesting payment of pre-confirmation adequate protection payments. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, unless the Court orders otherwise, adequate protection payments will continue in the same amount until claims to be paid before these claimants are paid in full, unless the confirmed plan or a court order specifies a different amount. If a secured creditor disagrees with the amount of the proposed adequate protection payments or the plan fails to provide for such payments, the creditor may file an objection to confirmation of this plan, file a motion pursuant to §§ 362, 363, or do both.

| Creditor | Property Description | Monthly Amount |
|---|---|---|
| None | NA | NA |

❑ See Section (J), Varying Provisions.

(2) *Administrative expenses.* Section 507(a)(2).

    (a) Attorney fees. Debtor's attorney received $ 2,000.00 before filing. The balance of $ 2,000.00 or an amount approved by the Court upon application shall be paid by the Trustee. See Section (F) for any fee application.

    (b) Other Administrative Expenses. None

❑ See Section (J), Varying Provisions.

(3) *Leases and Unexpired Executory Contracts.* Pursuant to § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with an arrearage to cure, the arrearage will be cured in the plan payments with regular monthly payments to be paid direct by the Debtor. The arrearage amount to be adjusted to the amount in the creditor's allowed proof of claim.

    (a) Assumed:

| Creditor & Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|
| None | NA | NA |

    (b) Rejected:

| Creditor | Property Description |
|---|---|
| None | NA |

❑ See Section (J), Varying Provisions.

2

(4) *Claims Secured Solely by Security Interest in Real Property.* A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay. Unless stated below, Debtor is to pay post-petition payments direct to the creditor and prepetition arrearages shall be cured through the Trustee. No interest will be paid on the prepetition arrearage or debt unless otherwise stated. The arrearage amount is to be adjusted to the amount in the creditor's allowed proof of claim. Except as provided in Local Bankruptcy Rule 2084-23, if a creditor gets unconditional stay relief the actual cure amount to be paid shall be adjusted by the Trustee pursuant to the creditor's *allowed* proof of claim. If the Debtor is surrendering an interest in real property, such provision is in paragraph (E). The Debtor is retaining real property and provides for each such debt as follows:

| Creditor/Servicing Agent & Property Description | Collateral Value & Valuation Method | Post-Petition Mortgage Payments | Estimated Arrearage | Arrearage Through Date |
|---|---|---|---|---|
| None | NA | NA | NA | NA |
| | [Valuation method] | ☐ Debtor will pay direct to creditor; or Included in Plan payment. <br> ☐ Trustee will pay creditor. | | |

☐ See Section (J), Varying Provisions.

(5) *Claims Secured by Personal Property or a Combination of Real and Personal Property.* Pursuant to § 1325(a), a secured creditor listed below shall be paid the amount shown as the Amount to be Paid on Secured Claim, with such amount included in the Plan payments. However, if the creditor's proof of claim amount is less than the Amount to be Paid on Secured Claim, then only the proof of claim amount will be paid. Any adequate protection payments are as provided in Section (C)(1) above. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan.

| Creditor and Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to be Paid on Secured Claim | Interest Rate |
|---|---|---|---|---|
| None | NA | NA | NA | NA |

☐ See Section (J), Varying Provisions.

(6) *Priority Unsecured Claims.* All allowed claims entitled to priority treatment under § 507 shall be paid in full pro rata.

(a) Unsecured Domestic Support Obligations. The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date are to be cured in the plan payments.

| Creditor | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|
| None | NA | NA |

3

(b) Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| None | NA | NA |

☐ See Section (J), Varying Provisions.

(7) *Codebtor Claims.* The following codebtor claim is to be paid per the allowed claim, pro rata before other unsecured nonpriority claims.

| Creditor | Codebtor Name | Estimated Debt Amount |
|---|---|---|
| None. | | |

☐ See Section (J), Varying Provisions.

(8) *Unsecured Non-priority Claims.* Allowed unsecured non-priority claims shall be paid pro rata the balance of payments under the Plan.

☐ See Section (J), Varying Provisions.

(D) **Lien Retention.** Secured creditors shall retain their liens until payment of the underlying debt determined under non bankruptcy law or upon discharge, whichever occurs first. Federal tax liens shall continue to attach to property excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2) until the Internal Revenue Service is required to release the liens in accordance with non bankruptcy law.

☐ See Section (J), Varying Provisions.

(E) **Surrendered Property.** Debtor surrenders the following property to the secured creditor. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any secured claim filed by such creditor shall receive no distribution until the creditor files an allowed unsecured claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. *Should the creditor fail to file an amended unsecured claim consistent with this provision, the Trustee need not make any distributions to that creditor.*

| Creditor | Property Being Surrendered |
|---|---|
| Sea Mist Resort | Timeshare in Cape Cod, MA |
| Villa del Palmar | Timeshare in Cabo San Lucas |

4

(F) <u>Attorney Application for Payment of Attorney Fees</u>. Counsel for the Debtor has received a prepetition retainer of $ 2,281.00 , to be applied against fees and costs incurred. Fees and costs exceeding the retainer shall be paid from funds held by the Chapter 13 Trustee as an administrative expense. Counsel will be paid as selected in paragraph (1) or (2) below:

(1) <u>Flat Fee</u>. Counsel for the Debtor has agreed to a total sum of $ 4,000.00 to represent the Debtor. Counsel has agreed to perform the following services through confirmation of the plan:

☐ All of the below, except Additional Services.

X Review of financial documents and information.

X Consultation, planning, and advice, including office visits and telephone communications.

X Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List.

X Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necessary amendments.

X Attendance at the § 341 meeting of creditors.

X Resolution of creditor objections and Trustee recommendations, and attendance at hearings.

X Reviewing and analyzing creditor claims for potential objections, and attendance at hearings.

X Responding to motions to dismiss, and attendance at hearings.

X Responding to motions for relief from the automatic stay, and attendance at hearings.

X Drafting and mailing of any necessary correspondence.

X Preparation of proposed order confirming the plan.

☐ Representation in any adversary proceedings.

X Representation regarding the pre-filing credit briefing and post-filing education course.

<u>Additional Services</u>. Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor after confirmation of the plan:

X Preparation and filing of Modified Plan $375.00.

X Preparation and filing of motion for moratorium $375.00.

X Responding to motion to dismiss, and attendance at hearings $375.00.

X Defending motion for relief from the automatic stay or adversary proceeding $375.00.

X Preparation and filing of any motion to sell property $1,000.00

☐ Other _____.

All other additional services will be billed at the rate of $ 275.00 per hour for attorney time and $115.00 per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include *all* time expended in the case in the separate fee application.

❏ See Section (J), Varying Provisions.

5

(2) **Hourly Fees.** For hourly fees to be paid as an administrative expense, counsel must file and notice a separate fee application detailing the additional fees and costs requested. The application must include all time expended in the case.

Counsel has agreed to represent the Debtor for all services related to the Chapter 13 bankruptcy to be billed at the rate of $_____ per hour for attorney time and $_____ per hour for paralegal time.

☐ See Section (J), Varying Provisions.

(G) **Vesting.** Property of the estate shall vest in the Debtor upon confirmation of the Plan, except for wages. The following property shall not revest in the Debtor upon confirmation: None.

☐ See Section (J), Varying Provisions.

(H) **Tax Returns.** While the case is pending, the Debtor shall provide to the Trustee a copy of any post-petition tax return within thirty days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except: Not Applicable. The Debtors shall provide, directly to the Trustee their net federal and state income tax refunds for the years **2012, 2013, 2014, 2015** as supplements to the plan.

(I) **Funding Shortfall.** Debtor will cure any funding shortfall before the Plan is deemed completed.

---

(J) **Varying Provisions.** The Debtor submits the following provisions that vary from the Local Plan Form, Sections (A) through (H):

(1) None.

*[(2) State the varying provision with reference to relevant paragraph.]*

---

(K) **Plan Payment Summary.** If there is a discrepancy between paragraphs (A) - (J) and paragraphs (K) - (M), then the provisions of paragraphs (A) - (J) and the confirmed plan control.

| | |
|---|---|
| (1) Trustee's compensation (10% of plan payments)............................................................ | $ 3,720.00 |
| (2) Ongoing post-petition mortgage payments........................................................................ | $ - 0 - |
| (3) Administrative expenses and claims................................................................................ | $ 2,000.00 |
| (4) Priority claims................................................................................................................ | $ - 0 - |
| (5) Pre-petition mortgage or lease arrears, or amount to cure defaults, including interest........ | $ - 0 - |
| (6) Secured personal property claims, including interest........................................................ | $ - 0 - |
| (7) Amount to unsecured non-priority claims........................................................................ | $31,480.00 |
| **Total of plan payments**................................................................................................ | **$37,200.00** |

(L) **Section 1325 Analysis.**

(1) *Best Interest of Creditors Test:*
| | |
|---|---|
| (a) Value of Debtor's interest in non-exempt property.................................................. | $12,080.00 |
| (b) Plus: Value of property recoverable under avoiding powers.................................... | $ |
| (c) Less: Estimated Chapter 7 administrative expenses................................................ | $ 1,958.00 |
| (d) Less: Amount to unsecured priority creditors......................................................... | $ |
| (e) **Equals:** Estimated amount payable to unsecured non-priority claims if Debtor filed Chapter 7...... | $ 10,122.00 |

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

6

(2) *Section 1325(b) Analysis:*

    (a) Monthly disposable income under §1325(b)(2), Form B22C, Statement of Current Monthly Income... $ 636.77
    (b) Applicable commitment period.................................................................................................... x 60
    (c) Section 1325 (b)(2) monthly disposable income amount multiplied by 60............................... $38,206.00

**(M) <u>Estimated Amount to Unsecured Non-priority Creditors Under Plan</u>**........................................ $31,480.00

Dated: 2-26, 2012

_____
Shannon Seidel, Debtor

_____
Elizabeth S. Langford
Attorney for Debtor

7